UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Bennett-Charles Formanack,                                 Civ. No. 17-3822 (PAM/BRT)

              Plaintiff,

v.                                                         **ORDER**

Stillwater Towing Inc.,
Richard J. Ritzer, Michelle
Ritzer, and Kevin last name
unknown,

              Defendants.

---

This matter is before the Court on Plaintiff's Motion to Correct Errors and Plaintiff's "objection" to the Court's Order denying his motion to amend and writ of error coram nobis. (Docket No. 57.)

The arguments Plaintiff raises in these filings are patently frivolous. For example, Plaintiff contends that the United States Constitution gives him the right to amend his claims. (Docket No. 58 at 3.) But the right to amend does not survive dismissal of an action. Geier v. Mo. Ethics Comm'n, 715 F.3d 674, 677 (8th Cir. 2013). Indeed, because the Court dismissed the case for lack of subject-matter jurisdiction, "granting leave to amend would [be] improper." Id. at 678. As another example, Plaintiff "demands" that the Court "order the immediate return of the car." (Docket No. 58 at 5.) But as this Court has repeatedly explained, because there is no subject-matter jurisdiction over the parties' dispute, the Court has no authority to order any relief whatsoever.

Plaintiff also repeatedly references 28 U.S.C. § 1691, which requires that "[a]ll writs and process issuing from a court of the United States shall be under the seal of the court and signed by the clerk thereof." (E.g., Docket No. 59 at 4-5; Docket No. 60 at 3.) Plaintiff contends that the Court's Orders in this matter have not complied with § 1691 and are therefore "not lawful orders." (Docket No. 59 at 4.) For purposes of § 1691, "both 'writ' and 'process' command or direct action or inaction on the part of an individual." United States v. Mariner, No. 4:09cr101, 2012 WL 6082720, at *7 (D.N.D. Dec. 4, 2012). The Court has issued no orders that "compel[] a person to comply with [the C]ourt's demand." Id. And to the extent that the Judgment here can be construed as a writ or process, the Judgment was signed by the Clerk's deputy. (Docket No. 34.) Section 1691 has no bearing on any of the orders issued in this matter, and Plaintiff's interpretation of § 1691 is without merit.

Finally, Plaintiff contends that the failure to grant his Motion to Amend, apparently brought under Rule 59,[1] was a "procedural error" that warrants setting aside the Judgment and this Court's recusal from the matter. But merely because Plaintiff brought a timely Motion to Amend does not mean that the Court was bound to overturn its previous decision. "Rule 59(e) motions serve the limited function of correcting 'manifest errors of law or fact or to present newly discovered evidence.'" United States v. Metro. St. Louis Sewer Dist., 440 F.3d 930, 933 (8th Cir. 2006) (quoting Innovative

---

[1] Plaintiff references Fed. R. Civ. P. 52, which applies to a judgment on partial findings. (Docket No. 60 at 4.) The Court did not enter judgment under Rule 52 in this matter. However, Rule 59 contains the same 28-day requirement Plaintiff references from Rule 52. Fed. R. Civ. P. 59(e).

2

Home Health Care v. P.T-O.T. Ass'n of the Black Hills, 141 F.3d 128y, 1286 (8th Cir. 1998)). "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise argument which could have been offered or raised prior to entry of judgment." Innovative Home Health, 141 F.3d at 1286. Plaintiff's repeated demands that he be allowed to amend his claims, whether brought as a belated motion to amend pleadings under Rule 15 or a motion to amend the judgment under Rule 59, do not raise newly discovered evidence that Plaintiff "exercised due diligence to discover" before judgment was entered, Metro. St. Louis Sewer, 440 F.3d at 933, nor do the demands establish that the Court manifestly erred. Id.

Despite Plaintiff's many filings, the Court will not revisit its prior Orders. The Court lacks jurisdiction to adjudicate the merits of Plaintiff's dispute with Defendants. Plaintiff obviously disagrees with this conclusion, but filing more "objections" and motions will not change the Court's decision in this matter.

Accordingly, **IT IS HEREBY ORDERED that**:

1. Plaintiff's Motion to Correct Errors (Docket No. 60) is **DENIED**; and
2. Plaintiff's Objection (Docket No. 58) is **OVERRULED**.

Dated:  February 7, 2018

 s/Paul A. Magnuson
Paul A. Magnuson
United States District Court Judge